IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC SORENSON,

Petitioner,

v.

JEFFREY DENNISON,

Respondent.                                   18-cv-0252-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), on a Report and Recommendation ("the Report") submitted by Magistrate Judge Proud on August 7, 2018 (Doc. 10). The Report recommends that the Court grant defendants' motion to dismiss Sorenson's habeas petition as time barred (Doc. 8). The Report notes that Sorensen has not responded to the motion despite being warned of the consequences of failing to respond to the motion (Doc. 9). Specifically, the Report found:

> The instant habeas petition was clearly untimely under 28 U.S.C. § 2244(d)(1)(A), and must be dismissed unless Petitioner is entitled to equitable tolling. The petition does not present any argument to

> address this issue, and as noted above, Petitioner has not filed a response to counter the arguments in the Motion to Dismiss. The only reference to as possible explanation for the tardiness of the habeas actions is Petitioner's statement to the Illinois Supreme Court that he was "misadvised" (by whom, he does not say) of the time limitations to seek review in the state's highest court. (Doc. 8-2, p.1.)
>
> …
>
> Here, Petitioner has not come forward with any new evidence at all. Instead, he argues that he should have been able to cross-examine state witness Dorsey more fully, in order to demonstrate to the jury that she had motive to testify falsely as to his involvement in the robbery. Petitioner raised this argument on direct appeal. The Illinois Appellate Court found that it was error for the trial court to prevent Petitioner from cross-examining Dorsey on whether she had been led to believe she might lose her children if she did not testify. However, the error was harmless in light of the "overwhelming" evidence of Petitioner's guilt. *People v. Sorenson*, 2016 IL App (2d) 140654-U, ¶¶ 1, 16 (Doc. 1-1, pp. 2, 10). This falls short of meeting the demanding *Schlup* standard.

(Doc. 10, ps. 5-6).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 10). The Court **GRANTS** defendants motion to dismiss (Doc. 8) and **DISMISSES with prejudice** Sorensen's habeas corpus petition. Further, the Court DECLINES to issue a certificate of appealability in this matter based on the reasoning contained in the Report. Lastly, the Court **DIRECTS** the Clerk of the Court to enter

judgment reflecting the same.

**IT IS SO ORDERED.**

/s/ David R. Herndon

Judge Herndon
2018.08.27 11:33:05
-05'00'

**United States District Judge**